IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STROM HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>        v.<br><br>TYKABLES LLC,<br><br>    Defendant. | Case No.: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Strom Holdings LLC, by and through its attorneys, Revision Legal, PLLC, brings this actions against Tykables LLC and John-Michael Williams and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Strom Holdings, LLC ("Strom") is a limited liability company organized under the laws of the state of Washington with offices at 3335 Paine Avenue, Everett, Washington 98201.

2. Defendant Tykables LLC ("Tykables") is a limited liability company organized under the laws of the state of Illinois with a registered agent at 500 N. Michigan Avenue, Suite 600, Chicago, Illinois 60611.

3. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

4. This Court has personal jurisdiction over Defendant because Defendant has transacted business in Illinois, purposefully availed itself of the privilege of acting in the State of Illinois, Plaintiff's cause of action arises from the Defendant's activities in Illinois, and Defendant's acts and/or consequences have a substantial enough connection with Illinois to make

the exercise of jurisdiction reasonable, as Defendant Tykables is organized under the laws of the state of Illinois. The exercise of jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400.

## STATEMENT OF FACTS

A. **Plaintiff's Business**

6. Plaintiff is a world-famous retailer of diapers that operates in Japan, Australia, the European Union, Canada, and the United States.

7. Plaintiff Strom has sold adult diapers throughout the United States since March of 2015.

8. Strom owns and operates an online retail store featuring diapers at the domain *us.abuniverse.com*.

9. Strom uses SPACE for diapers throughout the world, including Australia, Japan, Canada, the European Union, and the United States.

10. Strom owns federal trademark Registration No. 4,977,622 for SPACE for "adult diapers," which issued on June 14, 2016.

11. Strom has used SPACE for adult diapers throughout the United States since at least as early as September 24, 2015.

12. Through several years of continuous and substantially exclusive use of SPACE as a trademark for diapers, Strom has developed a significant amount of goodwill in its SPACE trademark.

13. Strom owns common law rights and the above-referenced federal trademark registration for SPACE, which is well-known among the relevant consumers and throughout the diaper industry.

14. The diapers sold by Strom under the SPACE trademark are sold in clear packaging that clearly and prominently displays a space-themed print motif on the diapers inside to show through so that customers may view the motif before purchasing the diapers.

**B.    Defendant's Unlawful Actions**

15. Defendant Tykables is one of Strom's primary competitors.

16. Upon information and belief, Tykables owns and operates an online retail store selling diapers at the domain *tykables.com*.

17. Tykables recently announced that it plans to start shipping diapers using the trademark SPACE CADET featuring a space print motif in April and is already advertising this product, including promoting its goods through the development of a mobile application titled SPACE CADET SHOOTER as shown in the attached exhibit, which has been highlighted for convenience. (Ex. A.)

18. Upon information and belief, Tykables has already placed orders for its SPACE CADET branded diapers with manufacturers.

19. Tykables sells its print motif diapers in packaging that prominently features the print motif of the diapers inside.

20. Upon information and belief, Tykables intends to sell its SPACE CADET branded diapers in packaging that prominently features an outer space print motif.

21. On or about January 12, 2018, Strom's CEO emailed the manager of Tykables, John-Michael Williams, to notify Tykables of Strom's rights in SPACE for diapers.

22. On January 25, 2018, Strom's CEO attempted to discuss this matter with Williams in a telephone call during which Williams acknowledged receiving the above-referenced email concerning Strom's trademark rights. Cutting this phone call short, Williams indicated he had no interest in discussing this matter.

23. Tykables' use of SPACE CADET will create a significant likelihood of consumer confusion.

24. Tykables' use of an outer space print motif in conjunction with SPACE CADET will create a significant likelihood of consumer confusion.

25. Upon information and belief, Tykables willfully chose SPACE CADET and an outer space print motif to free ride on the goodwill Strom has developed in its federally registered SPACE trademark.

26. Tykables' planned use of SPACE CADET constitutes willful trademark infringement under the Lanham Act and at common law.

27. Tykables' planned use of SPACE CADET constitutes willful unfair competition.

28. Tykables' planned use of an outer space print motif constitutes willful unfair competition.

**INJURY TO STROM AND CONSUMERS**

29. Tykables' actions described above have damaged and irreparably harmed Strom.

30. If allowed to continue advertising and moving forward with its stated intent to sell SPACE CADET branded diapers, Tykables will further damage and injury Strom's reputation and the goodwill associated with its SPACE trademark, which is well-known to the relevant consumers as a source identifier for high quality products.

4

31. If allowed to continue advertising and moving forward with its stated intent to sell SPACE CADET branded diapers, Tykables will create a significant likelihood of consumer confusion that will irreparably harm the public and its interest in being free from confusion.

32. Strom has no adequate remedy at law.

33. Tykables knew or should have known that its activities described above constitute trademark infringement and unfair competition.

34. Tykables acted knowingly and willfully in reckless disregard for Strom's trademark rights.

## FIRST CLAIM FOR RELIEF
### Trademark Infringement, False Designation or Origin, and Unfair Competition Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)

35. Strom restates all prior paragraphs as if fully restated herein.

36. Defendant's actions as described above are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendant's products and commercial activities and therefore constitute trademark infringement, false designation of origin and unfair competition in violation of § 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

37. Defendant's actions described above have at all times relevant to this action been willful.

38. As a foreseeable, direct, and proximate cause of Defendant's above-described actions, Strom has been and will continue being irreparably damaged.

39. Strom has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### Common Law Trademark Infringement, Unfair Competition, and Misappropriation

40. Strom restates all prior paragraphs as if fully restated herein.

5

41. Defendant's above-described actions constitute common law trademark infringement, unfair competition, and misappropriation of Strom's goodwill.

42. Defendant's above-described actions have at all times relevant to this action been willful.

43. As a foreseeable, direct, and proximate cause of Defendant's above-described actions, Strom has been and will continue being irreparably damaged.

44. Strom has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
#### Deceptive Trade Practices
#### Under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2

45. Strom restates all prior paragraphs as if fully restated herein.

46. Defendant's above-described actions constitute deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act.

47. Defendant's above-described actions have at all times relevant to this action been willful.

48. As a foreseeable, direct, and proximate cause of Defendant's above-described actions, Strom has been and will continue being irreparably damaged.

49. Strom has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Strom respectfully asks that the Court enter judgment in Strom's favor on each and every claim for relief above and award it relief including but not limited to the following against Defendant:

A. An injunction preliminarily and permanently enjoining Tykables and its employees, agents, partners, officers, directors, owners, retailers, wholesalers, manufacturers,

distributors, vendors, online vendors, assigns, and all persons in participation with any of them from using, displaying, and/or registering SPACE CADET or any trademark including SPACE for diapers or any related goods or services, including Defendant's planned Space Cadet Shooter mobile application and related software programs;

      B.     An order directing Tykables to destroy all products, packaging, and items in its possession or within its control that bear the trademark SPACE CADET and to confirm such destruction in writing to Strom;

      C.     An order directing Tykables to file with this Court and serve on Strom's counsel, within thirty (30) days of the date of any injunction, a written report made under oath setting forth a detailed description of its compliance with the injunction and other orders issued by the Court;

      D.     An order requiring Tykables to pay to Strom compensatory damages in an amount as yet undetermined caused by the above-described acts of infringement, false designation of origin, unfair competition, deceptive trade practices, and other applicable statutes and laws;

      E.     An order requiring Tykables to account for and pay to Strom any and all profits arising from the above-described acts of infringement, false designation of origin, unfair competition, deceptive trade practices, and other applicable statutes and laws;

      F.     An order requiring Tykables to pay Strom punitive damages in an amount to be determined caused by the above-described acts of infringement, false designation of origin, unfair competition, deceptive trade practices, and other applicable statutes and laws;

      G.     Other relief as the Court may deem appropriate.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Strom respectfully demands a trial by jury on all claims so triable.

Respectfully submitted,

REVISION LEGAL, PLLC

Date: January 26, 2018    By: _____

Anderson J. Duff (4860383)
244 5th Ave. Ste. 2230
New York, New York 10001
(t) 212.996.4103

8