IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STROM HOLDINGS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> TYKABLES LLC, <br><br> Defendant. | Case No.: 18-cv-0611 <br> Honorable Joan H. Lefkow |

### [PROPOSED] TEMPORARY RESTRAINING ORDER

This cause being before the Court on Plaintiff Strom Holdings, LLC's ("Strom") Motion for Temporary Restraining Order and Preliminary Injunction, and this Court having heard the evidence before it hereby GRANTS Plaintiff's Motion for Temporary Restraining Order against Defendant Tykables LLC ("Tykables") until further order of the court.

In the Complaint, Declaration of Casey Strom, Plaintiff's Memorandum of Law, and the exhibits submitted therewith, Plaintiff has demonstrated a likelihood of success on the merits; that no adequate remedy at law exists; that Plaintiff will suffer irreparable harm if the injunction is not granted; and that public policy interests support this temporary restraining order. Specifically, Plaintiff has shown that it is likely to succeed in demonstrating that Defendant chose an infringing trademark and is marketing its planned use of that trademark in a manner that creates a significant risk of consumer confusion.

Accordingly, this Court finds:

1. Plaintiff is likely to succeed in showing that Defendant infringed upon Strom's trademark rights in a manner creating a likelihood of consumer confusion in violation of the Lanham Act §§ 32(1) and 43(a);

2. Plaintiff is likely to succeed in showing that Defendant's use of a confusingly similar trademark constitutes unfair competition at common law and in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1;

3. Defendant's alleged unlawful actions cause irreparable harm to Plaintiff and would continue to cause immediate and irreparable injury to Plaintiff if the relief requested is not ordered for which Plaintiff would have no adequate remedy at law;

4. Defendant's alleged unlawful actions cause a significant risk of consumer confusion and such confusion is against public policy; and

5. Entry of an order other than a temporary restraining order would not adequately achieve the purpose of the Lanham Act in preventing consumer confusion in the marketplace.

THEREFORE, IT IS HEREBY ORDERED

1. Defendant, Tykables LLC, its officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them are restrained and enjoined from:
    a. advertising, soliciting, marketing, selling, offering for sale, offering pre-sales, including on its website, on social media, via any mobile application, or otherwise using SPACE as a trademark in connection with diapers and related goods and services; and
    b. assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in the above subparagraph (a), or effecting any assignments or transfers, forming new entities or associations or utilizing any other device or procedure for the purpose of circumventing or otherwise avoiding the prohibitions described in subparagraph above.
2. Defendant has until March 1, 2018 to respond.
3. The preliminary injunction hearing is set for March 13, 2018 at 2pm in Room 2201.

SO ORDERED
DATED this 15th day of February
Hour: 4:50 p.m CST

UNITED STATES DISTRICT COURT
By: _____
Honorable Judge Joan H. Lefkow
UNITED STATES DISTRICT JUDGE